TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00290-CR







Charles Collins, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0975017, HONORABLE FRED A. MOORE, JUDGE PRESIDING






PER CURIAM

A jury found appellant Charles Collins guilty of aggravated assault and assessed
punishment, enhanced by two previous felony convictions, at imprisonment for life. See Tex.
Penal Code Ann. § 22.02 (West 1994). Appellant's court-appointed attorney filed a brief
concluding that the appeal is frivolous and without merit. The brief met the requirements of
Anders v. California, 386 U.S. 738 (1967), by advancing a contention that might arguably support
the appeal. See also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State,
485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969). A copy of counsel's brief was delivered to appellant, and appellant was advised of his right
to examine the appellate record and to file a pro se brief. A pro se brief was filed.

Appellant's first pro se point of error is that he was not given ten days to prepare
for trial after he was reindicted. Appellant was originally indicted in Travis County cause number
0974262 on October 16, 1997; this indictment alleged one prior conviction for enhancement. The
indictment on which appellant was convicted, cause number 0975017, was filed on November 25,
1997; this indictment alleged two prior convictions. Appellant was served with a copy of the new
indictment on November 27, 1997. His trial on this indictment began April 13, 1998. Appellant's
contention that he was not given the requisite notice appears to be based on the erroneous
assumption that the new indictment was not effective until the original indictment was dismissed. 
This is not correct. Appellant was lawfully tried in cause number 0975017 five months after being
served with the indictment. Point of error one is overruled.

Next, appellant complains that the indictment improperly joins different offenses. 
He refers to the two previous convictions alleged for enhancement. Appellant was not tried for
these offenses. They were alleged in the indictment to notify appellant that the State would seek
an enhanced punishment. There was no improper joinder. Point two is overruled.

Appellant urges that Mexican-Americans were improperly excluded from the jury. 
This contention was not raised in the district court and nothing is presented for review. The eighth
pro se point of error is overruled.

Appellant's fourth point of error urges that his life sentence is unlawful because the
habitual offender statute does not provide for life imprisonment. Appellant misreads the statute,
which provides for imprisonment "for life, or for any term of not more than 99 years or less than
25 years." Tex. Penal Code Ann. § 12.42(d) (West Supp. 1999). Point four is overruled.

Point six is related to point four. In it, appellant complains of statements by the
prosecutor and the court referring to the possibility of a life term. Contrary to appellant's
argument, these statements were correct. The point of error is overruled.

Appellant also contends the State failed to prove that the more recent of the two
previous convictions used for enhancement was for an offense committed after the earlier
conviction became final. Documents introduced in evidence at the punishment stage reflect that
appellant's conviction for robbery in Travis County cause number 70,757 became final on January
10, 1986, when appellant waived his right to appeal following the revocation of his probation. 
The judgment from the second prior conviction, for burglary of a vehicle in Travis County cause
number 0943084, recites that the offense was committed on May 4, 1994. Point of error seven
is overruled.

 Appellant challenges the jury's finding that he used his fist as a deadly weapon. 
The evidence shows that appellant struck the complaining witness in the eye with his fist. The
blow ruptured the eyeball, destroyed the lens, and detached the retina. Medical efforts to save the
eye were unsuccessful, and the eye was eventually removed. This evidence supports the deadly
weapon finding. See Tex. Penal Code Ann. § 1.07(a)(17)(B), (46) (West 1994) (defining "deadly
weapon" and "serious bodily injury"). Point of error five is overruled.

Finally, appellant contends he received ineffective assistance of counsel at trial and
on appeal. He argues that trial counsel was ineffective because he "allowed the State a second
chance to establish his habitual offender status." Appellant does not provide references to the
record or citations to authority to support this assertion. Appellant contends appellate counsel was
ineffective because she filed a frivolous appeal brief. We have already determined that the brief
meets the applicable legal standards. Counsel's failure to raise the points urged by appellant in
his pro se brief is not evidence of ineffectiveness, since none of the points has merit. Point of
error three is overruled.

We have examined the record and reviewed the matters raised by appellant in his
pro se brief. We agree with counsel that the appeal is frivolous. We do, however, modify the
district court's judgment to accurately reflect appellant's plea of "not true" to the enhancement
paragraphs. As modified, the judgment of conviction is affirmed.



Before Chief Justice Aboussie, Justices Kidd and Powers*

Modified and, as Modified, Affirmed

Filed: March 18, 1999

Do Not Publish












* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



 25,
1997; this indictment alleged two prior convictions. Appellant was served with a copy of the new
indictment on November 27, 1997. His trial on this indictment began April 13, 1998. Appellant's
contention that he was not given the requisite notice appears to be based on the erroneous
assumption that the new indictment was not effective until the original indictment was dismissed. 
This is not correct. Appellant was lawfully tried in cause number 0975017 five months after being
served with the indictment. Point of error one is overruled.

Next, appellant complains that the indictment improperly joins different offenses. 
He refers to the two previous convictions alleged for enhancement. Appellant was not tried for
these offenses. They were alleged in the indictment to notify appellant that the State would seek
an enhanced punishment. There was no improper joinder. Point two is overruled.

Appellant urges that Mexican-Americans were improperly excluded from the jury. 
This contention was not raised in the district court and nothing is presented for review. The eighth
pro se point of error is overruled.

Appellant's fourth point of error urges that his life sentence is unlawful because the
habitual offender statute does not provide for life imprisonment. Appellant misreads the statute,
which provides for imprisonment "for life, or for any term of not more than 99 years or less than
25 years." Tex. Penal Code Ann. § 12.42(d) (West Supp. 1999). Point four is overruled.

Point six is related to point four. In it, appellant complains of statements by the
prosecutor and the court referring to the possibility of a life term. Contrary to appellant's
argument, these statements were correct. The point of error is overruled.

Appellant also contends the State failed to prove that the more recent of the two
previous convictions used for enhancement was for an offense committed after the earlier
conviction became final. Documents introduced in evidence at the punishment stage reflect that
appellant's conviction for robbery in Travis County cause number 70,757 became final on January
10, 1986, when appellant waived his right to appeal following the revocation of